IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DONNA THOMAS ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> UNITED PARCEL SERVICE, INC. ) <br> ) <br> **Defendant.** ) <br> ) | **CIVIL ACTION NO.:** <br> **CV-3:17-863-SRW** |

## ANSWER

Defendant United Parcel Service, Inc. ("Defendant" or "UPS"), by and through the undersigned counsel, answers the correspondingly numbered paragraphs of the Complaint and Jury Demand filed by Plaintiff Donna Thomas ("Plaintiff" or "Thomas") and asserts various defenses, as follows:

1. The allegations contained in Paragraph 1 of Plaintiff's complaint are denied, except to admit that this Court has jurisdiction.

2. The allegations contained in Paragraph 2 of Plaintiff's complaint are denied, except to admit that Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

3. The allegations contained in Paragraph 3 of Plaintiff's complaint are admitted upon information and belief.

4. The allegations contained in Paragraph 4 of Plaintiff's complaint represent legal conclusions and require no response from Defendant, except to admit that Defendant employed Plaintiff and Defendant provided parcel delivery services in Opelika, Lee County, Alabama.

5. The allegations contained in Paragraph 5 of Plaintiff's complaint are admitted.

6. The allegations contained in Paragraph 6 of Plaintiff's complaint are admitted.

7. The allegations contained in Paragraph 7 of Plaintiff's complaint are denied.

8. The allegations contained in Paragraph 8 of Plaintiff's complaint are admitted.

9. The allegations contained in Paragraph 9 of Plaintiff's complaint are denied.

10. UPS admits that the Full Time Package Center Supervisor position was filled in February 2016 through the use of its hiring protocol. All other allegations in this paragraph are denied. .

11. The allegations contained in Paragraph 11 of Plaintiff's complaint are denied.

12. The allegations contained in Paragraph 12 of Plaintiff's complaint are denied.

13. The allegations contained in Paragraph 13 of Plaintiff's complaint are denied.

## COUNT ONE

## TITLE VII - DISCRIMINATORY FAILURE TO PROMOTE

14. Defendant adopts and incorporates its responses to the preceding paragraphs as if full set forth herein.

15. The allegations contained in Paragraph 15 of Plaintiff's complaint are denied.

16. The allegations contained in Paragraph 16 of Plaintiff's complaint are denied.

    UPS denies that Plaintiff is entitled to any relief demanded in the "WHEREFORE" clause following paragraph 16 of the Complaint and its subparts.

## COUNT TWO

## SECTION 1981 – DISCRIMINATORY FAILURE TO PROMOTE

17. Defendant adopts and incorporates its responses to the preceding paragraphs as if full set forth herein.

18. The allegations contained in Paragraph 18 of Plaintiff's complaint are denied.

19. The allegations contained in Paragraph 19 of Plaintiff's complaint are denied.

UPS denies that Plaintiff is entitled to any relief demanded in the "WHEREFORE" clause following paragraph 19 of the Complaint and its subparts.

## COUNT THREE

## TITLE VII - RETALIATION

20. Defendant adopts its responses to the preceding paragraphs as if fully set forth herein.

21. The allegations contained in Paragraph 21 of Plaintiff's complaint are denied.

22. The allegations contained in Paragraph 22 of Plaintiff's complaint are denied.

UPS denies that Plaintiff is entitled to any relief demanded in the "WHEREFORE" clause following paragraph 22 of the Complaint and its subparts.

## COUNT FOUR

## SECTION 1981 -  RETALIATION

23. Defendant adopts its responses to the preceding paragraphs as if fully set forth herein.

24. The allegations contained in Paragraph 24 of Plaintiff's complaint are denied.

25. The allegations contained in Paragraph 25 of Plaintiff's complaint are denied.

UPS denies that Plaintiff is entitled to any relief demanded in the "WHEREFORE" clause following paragraph 25 of the Complaint and its subparts.

## DEFENSES

In asserting these defenses, UPS does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

3

UPS's employment practices are job-related and consistent with business necessity.

### Third Defense

Any employment actions taken by UPS were based on legitimate, non-discriminatory factors.

### Fourth Defense

UPS has and had in place a strong, officially-promulgated, and user-friendly policy against discrimination to prevent and promptly correct any such behavior. Thus, to the extent Plaintiff is able to prove that she was subjected to discrimination, which UPS denies, UPS cannot be held vicariously liable because of its good-faith efforts to ensure compliance with the anti-discrimination laws.

### Fifth Defense

To the extent that Plaintiff is able to show that she suffered damages, Plaintiff failed to mitigate those damages.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, estoppel, and/or laches.

### Seventh Defense

UPS implemented reasonable measures to prevent and correct discrimination, but Plaintiff unreasonably failed to promptly report the conduct about which Plaintiff now complains.

### Eighth Defense

Any improper, illegal, or discriminatory acts by any of UPS's employees or agents that have been alleged by Plaintiff, but denied by UPS, were outside the course and scope of

employment and were not ratified, confirmed, or approved by UPS; accordingly, such acts cannot be attributed to UPS.

## Ninth Defense

To the extent that Plaintiff has suffered any damages, any actions by UPS were neither the actual nor proximate cause of those claimed damages.

## Tenth Defense

Plaintiff's claims are barred to the extent they involve alleged discrimination occurring before the applicable statute of limitations period.

## Eleventh Defense

UPS denies that race was a factor in any of the employment decisions at issue and further denies that it discriminated or retaliated against Plaintiff in any manner whatsoever; however, to the extent that the fact finder determines otherwise, UPS states that it would have made the same decisions absent the alleged impermissible motive.

## Twelfth Defense

The claims against UPS are frivolous, vexatious, and without foundation, and were brought for the sole purpose of harassing UPS. Accordingly, UPS is entitled to recover its costs and attorney's fees pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 1988.

## Thirteenth Defense

The Complaint must be dismissed to the extent it attempts to allege a cause of action for compensatory or punitive damages, because the averments in the Complaint are insufficient upon which to base such an award, and the averments with respect thereto should be stricken.

## Fourteenth Defense

UPS did not engage in a discriminatory practice with malice or with reckless indifference to Plaintiff's federally protected rights, and therefore punitive damages cannot be awarded to

5

Plaintiff.

### Fifteenth Defense

Even if the Plaintiff could prove that the matters and things alleged in the Complaint were improper factors in any employment decision she challenges, all of which UPS denies, Plaintiff's claim to punitive damages fails based on the principles set out by the United States Supreme Court.

### Sixteenth Defense

Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies.

### Seventeenth Defense

Plaintiff cannot establish a causal connection between any protected activity and any adverse employment action.

### Eighteenth Defense

Plaintiff's claims are barred to the extent she failed to file her charge of discrimination and retaliation with the EEOC within 180 days of the alleged discriminatory actions against her.
.

### RESERVATION OF RIGHTS

UPS reserves the right to further respond and assert any additional affirmative defenses as they become evident through discovery, including the defense of after-acquired evidence.

WHEREFORE, United Parcel Service, Inc. prays that Plaintiff takes nothing by this action, that it recover its costs, and that it be granted such other and further relief as the Court may deem appropriate.

Respectfully submitted,

*s/ J. Day Peake III*
J. DAY PEAKE III     (PEAKJ9462)
Attorney for United Parcel Service, Inc.

OF COUNSEL:

**PHELPS DUNBAR LLP**
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Post Office Box 2727
Mobile, Alabama 36652-2727
251-432-4481
day.peake@phelps.com

### CERTIFICATE OF SERVICE

I do hereby certify that I have on January 26, 2018, electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will serve electronic notifications of such filing to the following and/or that I have mailed a copy of the foregoing to the following:

Summer Austin Wells
P. O. Box 361256
Birmingham, AL  35236

*/S/ J. DAY PEAKE III*
J. DAY PEAKE III

PD.23074396.1